## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**RHETT HOLLAND,**

      **Plaintiff/Relator,**

        **v.**

**ADENA HEALTH SYSTEM, *et al.*,**

      **Defendants.**

**Case No. 2:23-cv-3349**

**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Elizabeth P. Deavers**

## <u>OPINION AND ORDER</u>

This matter is before the Court on Defendants' Motion to Quash the Subpoena to CMS. (Mot., ECF Nos. 54, 54-1.)  Relator filed a Memorandum in Opposition.  (Resp., ECF No. 59.) Defendants filed a Reply.  (Reply, ECF No. 60.)  This matter is ripe for judicial review.  For the following reasons, Defendants' Motion (ECF No. 54) is **DENIED without prejudice**.

### I.      BACKGROUND

On October 10, 2023, Relator initiated this suit.  (ECF No. 1.)  On May 9, 2024, Interested Party United States of America declined to intervene.  (ECF No. 5.)  On May 14, 2025, the Court set the case schedule.  (ECF No. 46.)  According to the Preliminary Pretrial Order, discovery must be completed by May 1, 2026.  (*Id.*)  On June 18, 2025, Relator issued a third-party subpoena ("Subpoena") on the U.S. Centers for Medicare and Medicaid Services ("CMS").  (ECF No. 49.)  On July 7, 2025, Defendants filed their Motion to Quash the Subpoena, arguing that the Subpoena is overly broad in subject matter and temporal scope. (Mot. at PageID 767.) As of the filing of Defendants' Motion, Relator had not served discovery requests on Defendants.  (*Id.* at PageID 774.)

## II.        STANDARD OF REVIEW

Federal Rule of Civil Procedure 45 governs third-party subpoenas.  Fed. R. Civ. P. 45.

Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition,

produce documents, and/or permit inspection of premises.  Fed. R. Civ. P. 45(a)(1).  Upon a

timely motion to quash, a court "must quash or modify a subpoena" that "fails to allow a

reasonable time to comply," requires a non-party to travel more than 100 miles, "requires

disclosure of privileged or other protected matter," or "subjects a person to undue burden."  Fed.

R. Civ. P. 45(d)(3)(A).  Courts "have held that the scope of discovery under a subpoena is the

same as the scope of discovery under Rule 26."  *Hendricks v. Total Quality Logistics, LLC*, 275

F.R.D. 251, 253 (S.D. Ohio 2011) (citation omitted).  The party seeking to quash a subpoena

bears the ultimate burden of proof.  *Id.* (citing *White Mule Co. v. ATC Leasing Co. LLC,* No.

3:07-CV-0057, 2008 WL 2680273, at *4 (N.D. Ohio June 25, 2008)).

Although a party generally lacks standing to seek to quash a subpoena issued to a

nonparty, an exception is made if the information sought implicates a party's personal right or

privilege.  9A Wright & Miller, Federal Practice and Procedure, Civil § 2459 (3d ed. 2013);

*Hendricks*, 275 F.R.D. at n.1.  "'Even in the absence of standing to move to quash, courts within

the Sixth Circuit have interpreted Rule 26(c) to permit a party to seek a protective order to

preclude discovery demanded by a third-party subpoena.'"  *Morris v. Kia Motors Corp.*, No.

2:24-MC-51120, 2024 WL 4595116, at *2 (E.D. Mich. Oct. 28, 2024) (quoting *Pictsweet Co. v.

R.D. Offutt Co.*, No. 3:19-cv-0722, 2020 WL 12968432, at *3 (M.D. Tenn. Apr. 23, 2020));

*Bridgestone Ams., Inc. v. Intn'l Business Machs. Corp.*, No. 3:13-cv-1196, 2016 WL 11786198,

at *5 (M.D. Tenn. May 16, 2016) ("Where discovery is requested from a third party and the

information sought affects a litigant's interests, the litigant may seek a protective order on behalf

of the third party.").

"Under Federal Rule of Civil Procedure 26(c)(1), a district court may grant a protective order preventing the production of discovery to protect a party or entity from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Morris*, 2024 WL 4595116, at *2 (quoting *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 235 (6th Cir. 2016)).  Additionally, a district court is tasked with balancing "'the right to discovery with the need to prevent fishing expeditions.'" *Id.* (quoting *Ohio Execution Protocol Litig.*, 845 F.3d at 236–237).  "To sustain a protective order under Rule 26(c), the moving party must show good cause for protection from one (or more) harms identified in Rule 26(c)(1)(A) with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (quoting *Ohio Execution Protocol Litig.*, 845 F.3d at 236).  "Good cause exists if specific prejudice or harm will result from the absence of a protective order." *Id.* (internal quotation marks and citation omitted); *see also Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) ("To show good cause, a movant for a protective order must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements.").

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted).  "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)).  Additionally, the Court, on a motion or on its own, "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2)(C)(i).

### III.     ANALYSIS

As an initial matter, the Court notes the parties' non-compliance with Local Rule 37.1 and the Court's Preliminary Pretrial Order (ECF No. 46).  Local Rule 37.1 requires the parties to "exhaust[ ] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery.  S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion.  *Id.* The Court's Preliminary Pretrial Order requires the parties to arrange a conference with the Court if they are unable to reach an agreement **on any matter related to discovery**.  (ECF No. 46.)  While the parties met and conferred before Defendants filed their Motion, neither party requested a conference with the Court.  (Mot. at PageID 778.)  It appears, however, that the parties' non-compliance was unintentional.  Local Rule 37.1 and the Preliminary Pretrial Order do not clearly apply to disputes regarding third-party subpoenas.  Accordingly, the Court will not deny Defendants' Motion on this basis.

The Court finds that it must limit the discovery at issue pursuant to Rule 26(b)(2)(C)(i).[1] The Court, on a motion or **on its own**, "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought . . .can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ."  Fed. R. Civ. P. 26(b)(2)(C)(i).  Here, the Court concludes that Relator could have obtained, and should have sought, the discovery he pursues from Defendants before seeking it from third-party CMS.

---

[1] The Court declines to address Defendants' standing or lack thereof and the relevancy and scope of the Subpoena at this time.  Accordingly, the Court omits discussion of the parties' arguments on these issues.

4

Defendants argue that the Subpoena seeks documents that Relator could have requested from Defendants and suggest that Relator is circumventing "the traditional discovery process and . . . restrictions." (*Id.* at PageID 776–77.)  In response to Defendants' suggestion that Relator is circumventing the traditional discovery process, Relator claims he has no reason to circumvent the process and the "fact that Relator may be able to obtain some of the information from Adena does not foreclose Relator from seeking the actual information at issue from CMS." (*Id.* at PageID 823.)  In their Reply, Defendants emphasize that the "parties should have been able to discuss the scope of discovery, and bring this issue to the Court's attention, if necessary, by addressing discovery requests that Relator served on Adena." (Reply, at PageID 845.)

The Court agrees with Defendants and finds that Relator circumvented Rule 34, whether intentionally or not, and the Court's Preliminary Pretrial Order.  "The standard vehicle for obtaining documents belonging to a party is Rule 34, rather than subpoenaing them from a nonparty under Rule 45." *PCA-Corr., LLC v. Akron Healthcare LLC*, No. 1:20-CV-428, 2021 WL 2043118, at *2 (S.D. Ohio May 21, 2021).  Had Relator requested the documents at issue pursuant to Rule 34, the parties and/or the Court could have resolved this dispute more efficiently.  Additionally, Relator fails to persuade the Court that Rule 45, not Rule 34, is the appropriate procedural vehicle under the circumstances here.  Relator maintains that he "would like to avoid" Defendants' control over their documents and claims without further support that the "best evidence in this case is the information maintained by CMS." (Resp. at PageID 819.) This conclusory argument, however, is insufficient.  Relator does not explain why he cannot obtain the documents at issue from Defendants, does not contest that Defendants have custody, control, or possession of the documents, and fails to address the relevant case law cited by Defendants.  The Court finds the authority persuasive.  *See Trinity, Inc. v. A Quality Staffing*,

No. 22-CV-10319, 2023 WL 9059648, at *2 (E.D. Mich. Dec. 6, 2023) (noting that courts in this circuit repeatedly limit discovery under Rule 26(b)(2)(C) where "discovery sought was obtainable from a party to the litigation"); *PCA-Corr., LLC*, 2021 WL 2043118, at *2 ("a party should not be permitted to circumvent the requirements and protections of Rule 34 by proceeding under Rule 45 for the production of documents belonging to a party") (citation and quotation omitted); *Maas v. JTM Provisions Co. Inc.*, No. 1:23-CV-00076, 2025 WL 815431, at *8 (S.D. Ohio Mar. 13, 2025) ("Plaintiffs have not provided a convincing reason for this Court to sanction the *extraordinary* course of action of issuing a subpoena for . . . the production of [] documents from a non-party to the case—especially where such information can be made available from Defendants themselves.") (emphasis in original).

Accordingly, the Court finds it must limit this discovery pursuant to Rule 26(b)(2)(C)(i). Relator is **ORDERED** to **WITHDRAW** the Subpoena and request the documents at issue from Defendants under the appropriate Federal Rules of Civil Procedure.  The parties are **ORDERED** to meet and confer on those requests as necessary.  If, in the future, the parties cannot reach an agreement after exhausting their extrajudicial resources, they are **ORDERED** to email Chambers to request an informal conference.

## IV.        CONCLUSION

For the foregoing reasons, Defendants' Motion to Quash the Subpoena to CMS is **DENIED without prejudice**.  (ECF Nos. 54, 54-1.)  Plaintiff is **ORDERED** to **WITHDRAW** its subpoena to CMS and file a notice thereof within **SEVEN DAYS** of this Order.  Plaintiff may request the documents at issue from Defendants under the appropriate Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

_/s/ Elizabeth A. Preston Deavers_
**ELIZABETH A. PRESTON DEAVERS**
**Date: September 25, 2025**      **UNITED STATES MAGISTRATE JUDGE**